The next case on the calendar is Perez v. County of Rensselaer. We'll hear from the appellate. Good morning. My name is Tom O'Connor. I represent the appellate County of Rensselaer. I would like to reserve a minute of my time for rebuttal. You may. Before or preliminarily, I want to call the court's attention to a mistake in the county's reply brief in this matter. At page five, the last sentence, which begins, however, in Anderson, this court acknowledged that even where the inconsistent argument is an implicit challenge to the district court's charge or the composition of the verdict sheet, where the verdict constituted fundamental error, the inconsistent verdict argument should be reached on its merits. In preparing for this argument, I find that that is not stated in the Anderson case. Although I can picture the printed excerpt in a decision, I cannot account at this time for its providence. Although I certainly endorse that principle. Now there's no issue here, but that this was a general verdict. The answers to questions one and two are consistent with each other and the verdict of compensatory damages is inconsistent with the jury's finding on the mixed motive issue in question two. So at the time that the post-verdict motions were made, the matter was well-suited for the application of rule 49B3. That's number one. And number two, the appellee's argument of waiver is untenable under these circumstances because the error here is clearly fundamental. Let me ask you this. There were 12 denials of promotion involved, right? Yes. And so the jury could have found that gender made no difference with respect to one of the denials and therefore, how is there an inconsistency? In other words, damages could have been awarded on the other 11, or whatever the breakdown is. Well, let's look at the verdict sheet. Question number one asks whether Mr. Wears-Bickey's gender was a motivating factor in one or more of the defendant's decisions not to promote him. So that helps the jury in establishing whether the plaintiff established a crime of facial case. Right. So the jury could have answered yes, because let's say 10 out of the 12. That's a distinct possibility, or 11 out of 12. Yes, I agree with you, Judge. But question number two should be contrasted with question number one. Question number two asks, did the County of Rensselaer nevertheless prove by a preponderance of the evidence that even if Mr. Wears-Bickey's gender was a motivating factor in any, not one or more, in any of its decisions not to promote him, that with respect to any such decisions I'm incorporating that in, it nevertheless would have made the same decision even absent gender discrimination? Right. So it's quite possible that the jury found, for example, the one promotion that went to another man, to Mahoney, that that was the one where gender would not have mattered. The word any, the question revolves around the word any, doesn't it? I agree. I agree. Now, the judge in its decision acknowledged that listing each decision would have been ponderously complex. So it crafted questions that would enable the jury to decide both questions, not part of one question, both questions. And it gave adequate instructions with respect to each question. And the jury concluded that with respect to any of its decisions not to promote him, that the county would nevertheless made the same decision, even absent gender discrimination. So the court's conclusion and its misconstruction of the answer to question two is really the antithesis of what the jury actually said. Well, to the extent that there is an ambiguity in the word any, that the parties and the court may not have realized until after the jury returned its verdict, if a motion had been raised before the jury is discharged, I suppose there could have been some inquiry about what they meant to do, but there wasn't such a motion. That's correct. So why is this now a fundamental error, given that there is some ambiguity in the use of the word any? Well, the fact, I don't think there's any ambiguity in the use of the word any in the judge's charge on that issue and the jury's response. And the fact, the question of whether the issue is fundamental has nothing to do with whether or not the jury's answer was ambiguous. The issue is either fundamental or it's not. The mixed motive defense was codified in the legislation in 1991, creating the claim, number one. Number two, it's not a questionable area of the law. It's supported by the statute itself and by the Supreme Court precedent and this court's precedent. So the jury reached a verdict on the correct instructions by the court. And therefore, it was improper for the district court to substitute its view for the adequately supported finding. And therefore, we submit that the judgment should be vacated, the case remanded with instructions that judgment be entered for the county pursuant to Rule 49B-3, consistent with the jury's answers to those questions. Any other questions? If not, that's my argument. Thank you. We'll hear from Ms. Bosman. You're muted. You're muted. Thank you, Your Honors. May it please the court. What the county is actually asking this court to do is to restructure the verdict form. The county is arguing that the question actually reads, quote, would have made the same decisions, plural. Actually, the verdict form question asked about any individual promotion decision, singular, not plural. And the verdict form has to be read in conjunction with the charge. Judge Heard charged the jury that Ms. Perez is not required to prove gender was the sole or even the primary motivation. And if both discriminatory and lawful reasons, you must decide whether plaintiff is entitled to damages, should not title to damages for any decision, singular, not to promote where the county proved the same decision in the absence of discrimination. So the, although it might not have been the clearest instruction, Judge Heard looked at those, the verdict form and the charge and reconciled the two. And there is no fundamental error as the defendants claim. So while the defendants have argued that they had waived any challenge to the charge, they waived any challenge to the verdict form, question six, the verdict form itself says answer question six, if you answer yes to question one. And the jury answered yes to question one. Because of the different standard under the section 1983 in the title seven, you know, but for versus the motivating factor, the mixed motivation defense, the jury actually did a very precise job in following the judge's instructions completely. They found that we had not proven the but for causation required under the section 1983 claim. And the county had not proven that they would have made the same decision as to any of the promotions. They may have made that with respect to one or more. And as Judge Heard decided, the jury could have and probably did do that with Mahoney since they asked for the read back of that testimony. The defendants also argue about the fundamental error question. And we've looked at that. Most of the fundamental error definitions come in in the context of a criminal case and criminal matter. But they cited Roddick versus city of Schenectady for the fundamental error. And that's whether it's flagrant and serious. There was in that case no instruction on joint several liability and the two critical factors on apportionment. And an erroneous calculation of damages here. There's damages awarded. Another factor to consider that the jury knew exactly what they were doing. They awarded damages both on lost wages and an emotional distress. The defendants also cited Finnegan versus Fountain, a 1990 decision by this court for the fundamental error being flagrant, serious. But if you look at Axel versus Labonia, a 2009 decision, 584 fed third 52. It distinguishes Finnegan. And in the Finnegan case, the reasonable belief that a police officer acted in good faith was so contrary to the concept that punitive damages that there was malice and wanton disregard or oppressive means used clearly is contrary. That's not what we have in this situation. The defendants have also argued that somehow that in our brief to the court on the motion that we made it admission that there was an inconsistency. But also, it's this court, he said in Globus versus Law Research Services Inc. 418 fed second 1276 1290 at note 17. It's been said again and again that consistent jury verdicts are not necessary attributes of a valid judgment. So any inconsistency which judge heard, considered and reconciled in his decision goes by the the the idea that we could admit something that would have controlling effect on a legal decision on a legal principle of the court, of course, doesn't work. The principle stands for factual assertions made by counsel. So while the while the verdict form could have been may have been more clear and the jury charge more concise, taken together, there was sufficient guidance to rationally reach a decision which the court which the jury did. So if there's any questions, I'd be happy to answer them. Otherwise, we rely on our brief. We'll hear rebuttal. Thank you. Thank you, Judge. With respect to counsel's argument regarding the language in question two, I want to reread it says even if Mr. Where's Vicky's gender was a motivating factor in any of its decisions with an S on it, not to promote him, that it nevertheless would have made the same decision, even absent gender determination. Thank you. That's all I have. Thank you both. And we will take the matter under advisement. That's the last case to be argued this morning. So I'll ask the clerk to adjourn court.